**FIRST NATIONAL BANK OF PLANO, Appellant,**

v.

**A. E. FAIRFIELD, d/b/a Fairfield Motor Co., Appellee.**

**No. 4858.**

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1969.

Rehearing Denied Nov. 13, 1969.

Harvey L. Davis, Dallas, for appellant.

Gerald T. Waters, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Bank from a $8,924.14 judgment in favor of plaintiff Fairfield.

Plaintiff Fairfield, a used car dealer, sued defendant bank alleging he made financing arrangements with defendant; that plaintiff borrowed money from defendant on automobiles on a "floor plan" arrangement; that plaintiff upon sale of an automobile for credit, received from the customer, a promissory note which was sold to defendant on one of the follow-bases: with recourse, with partial recourse, or without recourse; that in connection with such sale of promissory notes, a reserve account was established in favor of plaintiff consisting of monies paid to defendant in interest on said notes in excess of 6%; that defendant was to withdraw funds from such reserve account, after notice to plaintiff, to take care of defaults on notes plaintiff sold to defendant with recourse, or with partial recourse; that defendant without notice made withdrawals from the reserve account for defaults in notes sold "without recourse" to defendant.

Plaintiff further alleged that defendant without cause, called all notes which plaintiff had outstanding to defendant under the floor plan arrangement, picked up all automobiles from plaintiff and put plaintiff out of business.

Plaintiff alleges mischarges to the reserve account damaged him $10,000; and that his damages caused by defendant without cause calling the floor plan notes and picking up his cars, amount to $20,000.

Defendant answered, among other things, that plaintiff and defendant had an oral agreement, that defendant bank could charge plaintiff's reserve account for losses

sustained by defendant bank on notes purchased from plaintiff "without recourse."

Plaintiff by supplemental petition alleged such verbal agreement, "if any did exist", is in direct contravention to Article 3995 (The Statute of Frauds, prohibiting actions based on oral contracts of guaranty).

Defendant cross acted against plaintiff for $4528. on an unpaid check and certain defaulted notes it purchased from plaintiff "with recourse".

Trial was to a jury which found:

1) Plaintiff Fairfield did not consent to the taking possession of the 19 cars by defendant Bank on February 1, 1965.

2) The Bank did not use ordinary care in the sale of the 19 cars they took possession of on February 1, 1965.

3) Plaintiff Fairfield lost $6500. as a result of the Bank taking possession of the cars on February 1, 1965.

4) On March 1, 1963 plaintiff knew, or by the use of ordinary care should have known, that defendant Bank was charging plaintiff's reserve account with losses suffered by the bank, on notes sold by plaintiff to the bank, endorsed "without recourse".

5) At the time plaintiff's reserve account was established, there was not an understanding or agreement between the parties, that losses on all notes, regardless of the endorsements on such notes, were to be paid immediately by plaintiff or charged to plaintiff's reserve account.

The trial court rendered judgment reciting the verdict of the jury, and stating that after all allowances are given the defendant and cross plaintiff on the cross action, that plaintiff is entitled to judgment against defendant in the sum of $8,924.14; and decreed accordingly.

Defendant bank appeals on 4 points contending the trial court erred:

1) In refusing to permit the bank to prove the oral contract it had with Fairfield, because such oral contract was not within the provisions of the Statute of Frauds, Article 3995, Sec. 2, requiring agreements to charge any person on a debt or default of another to be in writing.

2) In entering judgment against the bank for $8924.14, when the jury answered damages to plaintiff were in the amount of $6500.

We revert to defendant's 1st contention. Some of the notes plaintiff received for automobiles were sold to defendant bank, and endorsed by plaintiff to defendant bank "without recourse". The debt represented by the note then became due from the maker of the note to the defendant bank. The bank sought to introduce testimony that it had a prior existing agreement with plaintiff that the bank could charge defaults on such "without recourse" notes to plaintiff's reserve account.

The Statute of Frauds (Sec. 2 Article 3995 VATS) provides among other things, that no action shall be brought in any court to charge any person upon a promise to answer for the debt, default, or miscarriage of another unless the promise be in writing.

The oral promise defendant bank sought to prove was allegedly made before the existence of the notes, and before any defaults occurred on the "without recourse" notes. Such notes were debts of the makers of the notes to the defendant bank.

The oral agreement, if it did exist, was to make good the debt of another—before any default occurred on such debt. This created a surety relationship, and was within the Statute of Frauds. See: Gulf Liquid Fertilizer Co. v. Titus, 163 Tex. 260, 354 S.W.2d 378.

Defendant's 2nd contention complains of the amount of the judgment. The jury fixed plaintiff's damages at $6500. for de-

fendant wrongfully picking up plaintiff's floor planned cars.

It is without dispute that defendant made wrongful deductions from plaintiff's account (not barred by limitation) in the amount of $5452.14. $5452.14 plus $6500. makes plaintiff's entitlement to recovery $11,952.14. Defendant filed cross action for $4528. on an insufficient funds check, and losses defendant suffered on "recourse" notes purchased. Plaintiff had $1500. in another reserve account which defendant applied on plaintiff's indebtedness. $4528. less $1500. amounts to $3028. owed by plaintiff to defendant. $11,952.14 less $3028. amounts to $8924.14, which is the amount of the judgment. The judgment is correct.

All defendant's points and contentions are overruled.

Affirmed.